Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 5959 | **DATE** | 11/28/2011 |
| **CASE TITLE** | James Hampton (#2007-0010001) vs. Nurse Gross, et al. | | |

**DOCKET ENTRY TEXT**

The court has received two letters [7], [8] from Plaintiff stating that he never received a copy of the court's 9/6/11 order. To the extent these letters can be construed as a motion under Fed. R. Civ. P. 59(e) challenging the 10/13/11 dismissal order, the court denies relief under Rule 59(e). This case remains dismissed for the reasons stated in its prior orders. The clerk shall resend to Plaintiff a copy of the 9/6/11 order [5], along with a copy of this order.

■[ For further details see text below.]      Docketing to mail notices.

## STATEMENT

      Plaintiff James Hampton, an inmate incarcerated at the Cook County Jail, filed this 42 U.S.C. § 1983 suit against Sheriff Tom Dart, Dr. Avery Hart, Nurse Gross, and Deputy Dewlow. On September 6, 2011, the court determined that the complaint failed to state valid claims and dismissed the complaint without prejudice to Plaintiff submitting an acceptable amended complaint within 30 days. On October 13, 2011, after having received no response from Plaintiff, the court dismissed this case.

      Plaintiff has forwarded two letters to the court stating that he never received the September 6, 2011, order. To the extent that the letters can be construed as a motion to alter, amend, or vacate the court's October 13, 2011, order under Fed. R. Civ. P. 59(e), the court denies the motion. The court's docket indicates that the September 6, 2011, order was addressed to Plaintiff in the same manner as the October 13, 2011, order, which apparently Plaintiff received. Additionally, the court questions why Plaintiff, an experienced litigator in this court, would not have written the court or have his appointed attorney in his other case check the docket of this case during the seven weeks Plaintiff waited to hear anything about this case. Under Rule 59(e), a court may alter or amend a judgment only if the plaintiff can demonstrate a manifest error of law or present newly discovered evidence. *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008). Such grounds are not present in this case.

      Nevertheless, the court will again forward a copy of the September 6, 2011, order to Plaintiff. If he is determined to attempt to go forward with this case, he should submit a motion to reinstate that sets forth his reasons to vacate the October 13, 2011, order and an amended complaint that states a valid claim and cures the defects of his original complaint. The court notes, however, upon further review of the original complaint and considering a recent Seventh Circuit case, the prior dismissal should have imposed a strike under 28 U.S.C. § 1915(g). *See Paul v. Marberry*, 658 F.3d 702, 704 (7th Cir. 2011) ("A dismissal is a dismissal, and provided that it is on one of the grounds specified in section 1915(g) it counts as a strike, ... whether or not it's with prejudice"). The court reiterates that this case does not appear to state valid § 1983 claims, and informs Plaintiff that this court's review of an amended complaint stating the same claims will require the imposition of a strike. If Plaintiff accumulates three strikes, he will be unable to file a civil action in this court or an appellate court without the prepayment of the filing fee unless he demonstrates that he is in imminent danger of serious physical harm. *See* § 1915(g).

| STATEMENT |
|---|

As noted in its previous order, Plaintiff's allegations that Nurse Gross cussed at him and dug her nails into his hand or wrist that was extended through the chuckhole describe an unfortunate encounter, but do not state a valid civil rights claim. *DeWalt v. Carter*, 224 F.3d 607, 620 (7th Cir. 2000) ( "not every push or shove by a prison guard violates a prisoner's constitutional rights"), and 224 F.3d at 612 ("[s]tanding alone, simple verbal harassment does not constitute cruel and unusual punishment").

With respect to Deputy Sheriff Dewlow, Plaintiff states that Dewlow refused to place Plaintiff in protective custody and that, while he was in general population, other inmates hit him and took his lunch. Although Plaintiff states that he repeatedly asked to be taken from general population, it is clear from his complaint that he did not inform Dewlow of a specific threat but, at most, only a general one. Such a situation does not give rise to a constitutional claim that supports a § 1983 suit. *Brown v. Budz*, 398 F.3d 904, 909 (7th Cir. 2005) (informing an officer of a general danger is insufficient to state a failure to protect claim). Plaintiff states that Dewlow placed him in general population because Plaintiff once complained about Dewlow's behavior, but it is clear from a reading of the complaint in its entirety that Plaintiff thinks that Dewlow's actions were motivated by his belief that Plaintiff was a serial rapist, and not by a retaliatory motive.

Additionally, Plaintiff's claims against Dewlow and Gross are unrelated and should not have been brought in one suit. *George v. Smith*, 507 F.3d 605, 607-08 (7th Cir. 2007) (unrelated claims against different defendants belong in separate suits). Lastly, Plaintiff named Tom Dart and Dr. Avery Hart as Defendants but stated no allegations against them.

For the above stated reasons, the October 13, 2011, order should have included a strike under § 1915(g), but the order neither cited to § 1915(g) nor specifically stated that the complaint was being dismissed for failure to state a claim, and thus no strike resulted. *Paul*, 658 F.3d at 704. However, if Plaintiff files an amended complaint that again does not state a claim, the dismissal of the amended complaint will have to include a strike.